UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LYNN ANDRUS, | : | CIVIL ACTION NO. |
| | : | 3:13-CV-00146 (RNC) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| DOONEY & BOURKE, INC. and | : | |
| PETER DOONEY | : | |
| | : | April 30, 2013 |
| Defendants. | : | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Dooney & Bourke, Inc. ("Dooney & Bourke") and Peter Dooney ("Mr. Dooney") (collectively referred to hereinafter as "Defendants") hereby answer the allegations contained in the numbered paragraphs of the Complaint of Lynn Andrus ("Ms. Andrus" or "Plaintiff") and assert their Affirmative Defenses in the above-captioned matter. Defendants deny all allegations not specifically addressed below.

1.  Paragraph 1 of Plaintiff's Complaint summarizes the nature of her legal claim against Defendants and does not require a response. Nevertheless, for the purpose of clarity, Defendants deny that they owe any wages to Plaintiff.

**JURISDICTION AND VENUE**

2.  Defendants lack sufficient knowledge or information to admit or deny Plaintiff's state of citizenship and, therefore, leave Plaintiff to her proof regarding diversity of citizenship. Defendants deny that the amount in controversy exceeds $75,000. Although Plaintiff alleges that

1

72023081.1

Dooney & Bourke owes her $44,159.30 in unpaid commissions, her allegation is false. Dooney & Bourke has paid Plaintiff all commissions to which she is entitled.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants admit the allegations in Paragraph 4.

## PARTIES

5. Defendants lack sufficient knowledge or information to admit or deny Plaintiff's place of residence and, therefore, leave Plaintiff to her proof.

6. Defendants admit the allegations in Paragraph 6.

7. Defendants admit the allegations in Paragraph 7.

8. Defendants admit the allegations in Paragraph 8.

## GENERAL ALLEGATIONS

9. Defendants admit the allegations in Paragraph 9.

10. Defendants admit that Ms. Andrus was hired as a receptionist in Dooney & Bourke's Norwalk, Connecticut office in or about 1987 and thereafter was promoted and provided with increased opportunities and responsibilities. Defendants admit that Ms. Andrus occasionally worked in Dooney & Bourke's New York City showroom. Defendants deny the remainder of the allegations in Paragraph 10.

11. Defendants state that Otto Mentzel was an independent sales representative who was not an employee of Dooney & Bourke. Defendants admit that Mr. Mentzel received commissions from the sales that he generated. Defendants lack sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 11 and, therefore, leave Plaintiff to her proof.

12. Defendants admit that in or around 1996, Ms. Andrus was paid an annual salary of approximately $70,000 and was eligible to receive an annual bonus. Defendants deny that Ms. Andrus took over Otto Mentzel's responsibilities and Defendants deny the remainder of the allegations in Paragraph 12.

13. Defendants state that between 1999 and 2000, Ms. Andrus continued to earn an annual salary of approximately $70,000 and also received commissions on shipments of orders that she booked. Defendants deny the remainder of the allegations in Paragraph 13.

14. Defendants admit that orders were booked ahead of time. Defendants deny that Ms. Andrus earned commissions when she booked an order and Defendants state that Ms. Andrus earned commissions when orders that she booked were shipped. Defendants deny the remainder of the allegations in Paragraph 14.

15. Defendants admit that during some of the time that Ms. Andrus worked as a salaried sales person for Dooney & Bourke, she sold Dooney & Bourke's products to large department stores, including Macy's and Nordstrom.

16. Defendants admit that on or about March 15, 2012, Phillip Kinsley, Vice President of Finance at Dooney & Bourke, informed Ms. Andrus that her employment was being terminated. Defendants also admit that during this conversation, Mr. Kinsley offered to provide Ms. Andrus with her salary through June 30, 2012 and to pay her commissions on orders that she booked and that were shipped on or before June 30, 2012.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

## COUNT ONE: FAILURE TO PAY WAGES PURSUANT TO CONN. GEN. STAT. § 31-71A, *ET. SEQ. AS TO DOONEY & BOURKE*

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

**WHEREFORE,** Defendants deny that Plaintiff is entitled to entry of judgment in her favor:

1. Defendants deny that Ms. Andrus is entitled to any award of wages or to a double award of wages in the amount of $88,318.60 pursuant to Conn. Gen. Stat. § 31-72;

2. Defendants deny that Ms. Andrus is entitled to any award of reasonable attorney's fees and costs pursuant to Conn. Gen. Stat. § 31-72; and

3. Defendants deny that Ms. Andrus is entitled to any pre-judgment interest pursuant to Conn. Gen. Stat. § 37-1.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for failure to pay wages pursuant to Conn. Gen. Stat. § 31-71a, *et seq.* is barred by the doctrine of estoppel. Dooney & Bourke has paid to Plaintiff, and Plaintiff has accepted, all salary and commissions due and owing to Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for failure to pay wages pursuant to Conn. Gen. Stat. § 31-71a, *et seq.* is barred by the doctrine of accord and satisfaction. Dooney & Bourke has paid to Plaintiff, and Plaintiff has accepted, all salary and commissions due and owing to Plaintiff.

72023081.1

Defendants intend to rely upon such other and further defenses as may become available or apparent during discovery or pretrial proceedings in this action and hereby reserve the right to amend their Answer and to assert all such defenses.

                          **DEFENDANTS,**
                          **DOONEY & BOURKE AND PETER DOONEY**

By: /s/ Daniel L. Schwartz
     Daniel L. Schwartz, Esq. (ct09862)
     Jaclyn K. Leung, Esq. (ct27399)
     Day Pitney LLP
     One Canterbury Green
     Stamford, CT 06901
     Telephone: (203) 977-7300
     Facsimile: (203) 977-7301
     dlschwartz@daypitney.com
     jleung@daypitney.com
     Their Attorneys

## CERTIFICATE OF SERVICE

    I hereby certify that on April 30, 2013, a copy of Defendant' Answer and Affirmative Defenses was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

          ___/s/ Daniel L. Schwartz_____
          Daniel L. Schwartz, Esq.

6

72023081.1