UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LYNN ANDRUS, | : | CIVIL ACTION NO. |
| | : | 3:13-CV-00146 (RNC) |
|       Plaintiff, | : | |
| v. | : | |
| | : | |
| DOONEY & BOURKE, INC. and | : | |
| PETER DOONEY | : | |
| | : | JUNE 11, 2013 |
|       Defendants. | : | |

**<u>RULE 26(f) REPORT OF PARTIES' PLANNING MEETING</u>**

**Date Complaint Filed:**        January 30, 2013

**Date Complaint Served:**        March 21, 2013

**Date of Defendant's Appearance**:  March 28, 2013

**Date Motion to Amend Complaint Filed:**  May 16, 2013

**Date Motion for Leave to Amend Complaint Granted:**  June 7, 2013

     Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, undersigned counsel for the parties conferred and prepared this Rule 26(f) Report on May 21, 2013. The Participants in the planning meeting were:

Timothy J. McGuire, Esq., Halloran & Sage LLP for Plaintiff Lynn Andrus

Daniel L. Schwartz, Esq., Day Pitney LLP for Defendants Dooney & Bourke, Inc. ("Dooney and Bourke") and Peter Dooney ("Mr. Dooney") (collectively referred to hereinafter as "Defendants").

**I.     Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

**II.    Jurisdiction**

    **A.     Subject Matter Jurisdiction**

Defendants do not contest subject matter jurisdiction.  Subject matter jurisdiction of this Court arises under Title 28 U.S.C., § 1331 and § 1332(a)(1).

    **B.     Personal Jurisdiction**

Defendants do not contest personal jurisdiction.

**III.   Brief Description of Case**

    **A.     Claims of Plaintiff**

Plaintiff claims in her seven-count Amended Complaint that Defendants violated Conn. Gen. Stat. § 31-71a, *et. seq.* (the Connecticut Wage Statute), 29 U.S.C. § 206 *et. seq.* (the Equal Pay Act), 42 U.S.C. 2000e, *et seq.* (Title VII of the Civil Rights Act ("Title VII")); 29 U.S.C. § 621 *et seq.* (the Age Discrimination in Employment Act ("ADEA")) and Conn. Gen. Stat. § 46a-60(a)(1) *et seq.* (the Connecticut Fair Employment Practices Act ("CFEPA")).  Plaintiff

alleges that she was employed by Dooney & Bourke for approximately twenty-five years and that after it terminated her employment on March 15, 2012, it failed to pay commissions allegedly due to her in the amount of $44,159.30.  Plaintiff also alleges that during her employment, Defendants violated the Equal Pay Act by paying her less than similarly-situated male employees.  Plaintiff further alleges that the termination of her employment was based on her gender and age in violation of Title VII, ADEA and CFEPA.  In addition, Plaintiff alleges that Defendants created a hostile work environment and subjected Plaintiff to sexual harassment.

### B. Defenses and Claims of Defendant

Defendants deny all of Plaintiff's material allegations.  More specifically, Defendants deny that there are any unpaid commissions due to Plaintiff or that they paid Plaintiff less than any similarly-situated male employees during her employment.  Defendants also deny that the termination of Plaintiff's employment was based on Plaintiff's age or gender.  Defendants further deny that they created a hostile work environment or subjected Plaintiff to sexual harassment.  Defendants deny that Plaintiff is entitled to any of the damages and attorneys fees and costs asserted in the Complaint.  Defendants also assert that Plaintiff's Equal Pay Act claims may be barred, in whole or part, by the applicable statute of limitations.

### C. Defenses and Claims of Third Party Defendants

At this time, there are no third party defendants in this case.

### IV. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The Parties state that the following material facts are undisputed:

1. Plaintiff began working at Dooney & Bourke in or about 1987 as a receptionist and was thereafter promoted and provided with increased opportunities and responsibilities.

2. In or around 1996, Plaintiff began working as a salaried sales person for Dooney & Bourke.

3. During some of the time that Plaintiff worked as a salaried sales person for Dooney & Bourke, she sold Dooney & Bourke's products to large department stores, including Macy's and Nordstrom.

4. On or about March 15, 2012, Phillip Kinsley, Vice President of Finance at Dooney & Bourke, informed Plaintiff that her employment was being terminated.

5. Dooney & Bourke continued to pay Plaintiff her base salary through June 30, 2012.

### V. Case Management Plan

#### A. Standing Order on Scheduling Civil Cases

The Parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as described herein.

**B.     Scheduling Conference With the Court**

The Parties do not request a pretrial conference with the Court before entry of scheduling order pursuant to Fed. R. Civ. P. 16(b).

**C.     Early Settlement Conference**

1. The Parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The Parties do not request an early settlement conference.

3. The Parties prefer a settlement conference with a magistrate judge after the completion of discovery.

4. The Parties do not request a referral to alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 at this time.

**D.     Joinder of Parties and Amendment of Pleadings**

1. Plaintiff does not intend to file motions to join additional parties or to further amend the Complaint.

2. Defendants do not intend to file motions to join additional parties. Defendants will file a response to the Amended Complaint within fourteen (14) days after the Court grants Plaintiff's Motion for Leave to File Amended Complaint or as otherwise ordered by the Court.

**E.    Discovery**

a.  The Parties anticipate that discovery will be needed on the following subjects:

   i.   Plaintiff will seek discovery on the allegations in her Complaint:

   ii.  Defendants will seek discovery on the following matters:

   (1) the basis for Plaintiff's claims on liability and damages, including but not limited to Plaintiff's claim for emotional distress and all aspects of the allegations set forth in the Complaint;

   (2) the basis for Plaintiff's claim for unpaid commissions under Conn. Gen. Stat. § 31-72;

   (3) the basis for Plaintiff's Equal Pay Act claims;

   (4) the basis for Plaintiff's age and gender discrimination claims;

   (5) the basis for Plaintiff's hostile work environment/sexual harassment claims;

   (6) the basis for Plaintiff's claims against Mr. Dooney; and

   (7) the basis for all of Plaintiff's alleged damage claims.

b.  All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced on or after June 1, 2013 and completed (not propounded) by January 31, 2014.

c.  Discovery will not be conducted in phases.

d. Discovery on facts will be completed by January 31, 2014. Expert discovery will be completed by January 31, 2014.

e. The Parties anticipate that the Plaintiff will require a total of not more than ten (10) depositions of fact witnesses and that the Defendants will require a total of not more than ten (10) depositions of fact witnesses. The depositions will commence after June 1, 2013, and be completed by January 31, 2014.

f. The Parties do not intend to request permission from this Court to serve more than twenty-five (25) interrogatories.

g. Plaintiff does intend to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by no later September 20, 2013. Depositions of such experts will be completed by January 31, 2014.

h. Defendants may call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 30, 2013. Depositions of such experts will be completed by January 31, 2014.

i. A damages analysis will be provided by the Plaintiff to the Defendants by no later than September 20, 2013.

j. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, the location and format of electronically

       stored information, appropriate steps to preserve electronically stored information and the allocation of costs of assembling and producing such information.  The Parties have agreed that, to the extent possible, all discovery will be provided in paper form.  In addition, the Parties have made reasonable efforts and inquiry to retain electronic data relating to the allegations in the Complaint.

k.    Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The Parties agree that privileged information inadvertently produced will not waive the attorney-client privilege.

**F.    Dispositive Motions**

Dispositive Motions, if any, will be filed on or before March 14, 2014.

**G.    Joint Trial Memorandum**

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed on the latter of: (i) April 25, 2014; or (ii) sixty (60) days after a decision is rendered on any dispositive motion.

## VI. Trial Readiness

The case will be ready for trial within sixty (60) days after the filing of the Joint Trial Memorandum described above.

As officers of the Court, the undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully submitted,

| | |
|---|---|
| PLAINTIFF,<br>LYNN ANDRUS | DEFENDANTS,<br>DOONEY & BOURKE, INC. AND<br>PETER DOONEY |
| By: /s/ Timothy J. McGuire<br>  Timothy J. McGuire, Esq. (ct28049)<br>  Halloran & Sage, LLP<br>  315 Post Road West<br>  Westport, CT  06880<br>  Telephone: (203) 227-2855<br>  Facsimile: (203) 227-6992<br>  mcguire@halloran-sage.com<br>  Attorneys for Plaintiff | By: /s/ Daniel L. Schwartz<br>  Daniel L. Schwartz, Esq. (ct09862)<br>  Day Pitney LLP<br>  One Canterbury Green<br>  Stamford, CT 06901<br>  Telephone: (203) 977-7300<br>  Facsimile: (203) 977-7301<br>  dlschwartz@daypitney.com |
| | By: /s/ Thomas J. McAndrew<br>  Thomas J. McAndrew, Esq. (PHV# ___)<br>  Thomas J. McAndrew, Esq. & Associates<br>  One Turks Head Place, Suite 205<br>  Providence RI 02903<br>  Telephone: (401) 455-0350<br>  Facsimile: (401) 455-0882<br>  tmcandrew@tjmcandrewlaw.com<br>  *ADMITTED PRO HAC VICE*<br>  Attorneys for Defendants |

72029109.1

## **CERTIFICATION**

I hereby certify that on **June 11, 2013**, a copy of the foregoing **Rule 26(f) Report of Parties' Planning Meeting** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all Parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                         By /s/ Daniel L. Schwartz
                                                                                Daniel L. Schwartz

72029109.1