UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LYNN ANDRUS | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) NO. 3:13-CV-00146(RNC) |
| VS. | ) |
| | ) |
| DOONEY & BOURKE, INC. AND | ) |
| PETER DOONEY | ) |
| | ) |
| | ) JUNE 17, 2013 |
| Defendants. | ) |
| | **JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

1.   This is an action brought by Lynn Andrus (hereinafter referred to as "Mrs. Andrus") against Dooney & Bourke, Inc. (hereinafter referred to as "Dooney & Bourke" and Peter Dooney (hereinafter referred to as "Mr. Dooney").

## JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1367(a).

4.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1). There is complete diversity of citizenship between the plaintiff and the defendant and the amount in controversy exceeds SEVENTY-FIVE THOUSAND ($75,000.000) DOLLARS, exclusive of interest and costs.



315 Post Road West
Westport, CT 06880

HALLORAN
&SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) because the defendant resides in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

7. Mrs. Andrus is a female, natural person and resident of Fallston, Maryland.

8. Dooney & Bourke is incorporated in and according to the laws of the State of Connecticut.

9. Mr. Dooney is a natural person and resident of Greenwich, Connecticut.

10. Dooney & Bourke has a principal place of business in Norwalk, Connecticut.

11. Dooney & Bourke is in the business of selling handbags and other leather goods and accessories.

## EXHAUSTION OF REMEDIES

12. Mrs. Andrus timely filed her administrative complaints with the Connecticut Commission on Human Rights and Opportunities within 180 days of her termination.

13. Mrs. Andrus received a release of jurisdiction from with the Connecticut Commission on Human Rights and Opportunities.  Less than 90 days have elapsed since receipt of this release.



315 Post Road West
Westport, CT  06880

HALLORAN
&SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

## GENERAL ALLEGATIONS

14.     Mrs. Andrus began working at Dooney & Bourke in or about 1987.

15.     Over the next nine years, she worked in several capacities with increasing responsibilities in both the Norwalk, Connecticut headquarters and in the New York City showroom.

16.     In or about 1996, the New York sale representative, Otto Mentzel, left Dooney & Bourke. Prior to his departure, Mr. Mentzel was earning 5% commission on all of the sales that he made resulted in him earning more than $500,000.00 per year.

17.     Around the same time, Mrs. Andrus took over Mr. Mentzel's responsibilities with a starting salary of $70,000.00 per year plus an annual $15,000.00 bonus.

18.     Between 1999 and 2000, Mrs. Andrus's pay structure was altered so that she earned a base salary of $70,000.00 per year plus 1% commission on all orders that she "booked"; the annual bonus ended at this time.

19.     Orders were booked ahead of time; in some cases orders were booked as far out as 6 (six) to 8 (eight) months. Ms. Andrus earned commissions when she booked an order and was paid when the orders eventually shipped to the customer. Therefore, when orders were booked for future shipment, Mrs. Andrus was paid partial commissions as partial shipments were made throughout the year.

20.     During her time as a sales representative, Mrs. Andrus's customers consisted of large department stores and included, *inter alia,* Macy's and Nordstrom's.

3

315 Post Road West
Westport, CT 06880
HALLORAN
&SAGE LLP
Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

21. In 2009, Bob Goodwyn and Jeff Mazzaro were put onto the Macy's account with Mrs. Andrus. At that point, they were paid commissions of 1.7% and 1.35%, respectively, while Mrs. Andrus's commission rate on that account was reduced to .0035%.

22. Mrs. Andrus's compensation structure did not change from that time until she was discharged on March 15, 2012.

23. On March 15, 2012, Mrs. Andrus received a call from Philip Kinsley, the vice-president of finance in which Mr. Kinsley informed her that her employment was to be terminated effective immediately and that she was to be paid her salary plus commissions through June 30, 2012.

24. Mrs. Andrus earned commissions prior to March 15, 2012, that became payable after June 30, 2012. Dooney & Bourke and Mr. Dooney have not paid those wages despite Mrs. Andrus's repeated demands in violation of Connecticut and Federal Wage and Hour Laws.

25. During her entire career, Mrs. Andrus was always among the top performing sales representatives; during some years, she was the top performing sales representative.

26. During her tenure at Dooney & Bourke, male sales representatives earned considerably higher commissions than Mrs. Andrus both as a function of percentages of sales and as actual dollars earned.

4

HALLORAN
&SAGE LLP

315 Post Road West
Westport, CT 06880

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

27. From the time that Mrs. Andrus took on the role of sales representative, until sometime in 2008, all of the male sales representatives earned between 2.5%-5% commission on all sales that they made. During that time, some male sales representatives earned close to or more than $1,000,000 per year. During the same period, and while Mrs. Andrus was among the top producing sales representatives at Dooney & Bourke, Mrs. Andrus's average earnings were approximately $250,000 per year.

28. In 2008, the commission rate being paid to all but two male sales representatives was lowered from 5% to 3.5% on most accounts. In other words, after the 2008 change, two male sales representatives continued to earn 5% commissions, the rest of the males began earning 3.5% commissions. During the entire period, Mrs. Andrus and other female sales representatives earned considerably less than the male sales representatives including the ones that began earning 3.5%.

29. Mrs. Andrus was born in 1964. Despite being among the top performing sales representatives at Dooney & Bourke, she was terminated rather than a younger, lower performing and less experienced female sales representative or the male sales representatives that were being paid much more than she was being paid.

30. Mrs. Andrus has three (3) children. She was unable to attend most after-hours recreational and drinking (alcohol) events hosted by Mr. Dooney because of the work and family responsibilities that she had. Despite being among the top performing sales representatives, Ms. Andrus was paid significantly less than her colleagues

315 Post Road West
Westport, CT 06880

HALLORAN
&SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

without family responsibilities and was eventually terminated rather than her colleagues without family responsibilities.

31.     The environment at Dooney & Bourke was sexually charged and uncomfortable. Mr. Dooney regularly made inappropriate comments about the female form and what women that worked for him should look like. He considered looks and curves as an important hiring and firing criteria for female employees.

32.     Mr. Dooney's behavior with numerous female employeeshas often included inappropriate touching, groping and unwanted physical advances. Mrs. Andrus always made it clear that she objected to such behavior. Female employees that did not object to Mr. Dooney's behavior earned, and continue to earn, significantly more than those who are uncomfortable with it than those who object to it.

## COUNT ONE: FAILURE TO PAY WAGES PURSUANT TO CONN. GEN. STAT. §31-71a, *ET. SEQ.* AS TO DOONEY & BOURKE

33.     Paragraphs 1 through 32, inclusive, are hereby repeated and realleged as if set forth fully herein.

34.     Dooney & Bourke terminated Mrs. Andrus's employment and intentionally refuses to pay her previously earned wages for insidious reasons such as her membership in one or more protected classes and for her refusal to participate in and/or endorse a sexually charged hostile work environment.

35.     Dooney & Bourke owes Mrs. Andrus $44,159.30 in unpaid commissions.

6

HALLORAN
&SAGE LLP

315 Post Road West
Westport, CT 06880

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

36.     Pursuant to Conn. Gen. Stat. §31-72, Mrs. Andrus is entitled to recover double the amount of the unpaid commissions for a total of $88,318.60 along with reasonable attorneys' fees and costs.

### COUNT TWO: FAILURE TO PAY WAGES PURSUANT TO CONN. GEN. STAT. §31-71a, ET. SEQ. AS TO PETER DOONEY

37. Paragraphs 1 through 32, inclusive, are hereby repeated and realleged as set forth fully herein.

38. Dooney & Bourke terminated Mrs. Andrus's employment and intentionally refuses to pay her previously earned wages for insidious reasons such as her membership in one or more protected classes and for her refusal to participate in and/or endorse a sexually charged hostile work environment.

39.     Dooney & Bourke owes Mrs. Andrus $44,159.30 in unpaid commissions.

40.     Peter Dooney owns a substantial percentage of Dooney & Bourke.

41.     Pursuant to Conn. Gen. Stat. §31-72, Mrs. Andrus is entitled to recover double the amount of the unpaid commissions for a total of $88,318.60 along with reasonable attorneys' fees and costs.

### COUNT THREE: VIOLATION OF EQUAL PAY ACT PURSUANT TO 29 U.S.C. § 206, *ET. SEQ.* AS TO DOONEY & BOURKE

42.     Paragraphs 1 through 32, inclusive, are hereby repeated and realleged as if set forth fully herein.

43.     Based on the foregoing, Dooney & Bourke violated 29 U.S.C. § 206(d) by discriminating against Mrs. Andrus on the basis of her sex by compensating her at a

7



315 Post Road West
Westport, CT 06880
HALLORAN
&SAGE LLP
Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

rate less than that which it pays to employees of the opposite sex (male) for equal work on jobs for which the performance of requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

    44.    As a result of such violation, Mrs. Andrus has suffered damages.

### COUNT FOUR: SEX DISCRIMINATION PURSUANT TO 42 U.S.C. 2000e, *ET. SEQ.* AS TO DOONEY & BOURKE

    45.    Paragraphs 1 through 32, inclusive, are hereby repeated and realleged as if set forth fully herein.

    46.    Dooney & Bourke employs more than fifteen (15) people.

    47.    Based on the foregoing, Dooney & Bourke and/or Mr. Dooney violated 42 U.S.C. § 2000e-2(a) by discharging and/or otherwise discriminating against Mrs. Andrus with respect to her terms, conditions, and/or privileges of employment because of her sex.

    48.    Such discrimination was intentional.

    49.    As a result of such violation, Mrs. Andrus has suffered damages.

### COUNT FIVE : AGE DISCRIMINATION PURSUANT TO 29 U.S.C. § 621, *ET. SEQ.* AS TO DOONEY & BOURKE

    50.    Paragraphs 1 through 32, inclusive, are hereby repeated and realleged as if set forth fully herein.

    51.    Dooney & Bourke employs more than twenty (20) people.

315 Post Road West
Westport, CT 06880
HALLORAN
&SAGE LLP
Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

52. Based on the foregoing, Dooney & Bourke willfully violated 29 U.S.C. §623(a) by discharging and/or otherwise discriminating against Mrs. Andrus with respect to her terms, conditions, and/or privileges of employment because of her age.

53. As a result of such violation, Mrs. Andrus has suffered damages.

### COUNT SIX: UNLAWFUL DISCRIMINATION PURSUANT TO CONN. GEN. STAT. § 46a-60(a)(1) *ET. SEQ.* AS TO DOONEY & BOURKE

54. Paragraphs 1 through 32, inclusive, are hereby repeated and realleged as if set forth fully herein.

55. Dooney & Bourke employs more than two (2) people.

56. Based on the foregoing, Dooney & Bourke violated Conn. Gen. Stat. § 46a-60(a)(1) by discharging and/or otherwise discriminating against Mrs. Andrus in compensation, terms, conditions, and/or privileges of employment because of her age and/or sex.

57. As a result of such violation, Mrs. Andrus has suffered damages.

### COUNT SEVEN: SEXUAL HARASSMENT PURSUANT TO CONN. GEN. STAT. § 46a-60(a)(8) *ET. SEQ.* AS TO DOONEY & BOURKE

58. Paragraphs 1 through 32, inclusive, are hereby repeated and realleged as if set forth fully herein.

59. Dooney & Bourke employs more than two (2) people.

60. Based on the foregoing, Dooney & Bourke violated Conn. Gen. Stat. § 46a-60(a)(8) by harassing Mrs. Andrus on the basis of her sex.

9


HALLORAN
&SAGE LLP

315 Post Road West
Westport, CT 06880

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

61. As a result of such violation, Mrs. Andrus has suffered damages.

**WHEREFORE,** the plaintiff, Lynn Andrus, requests the entry of judgment in her favor as follows:

1. A double award of wages in the amount of $88,318.60 pursuant to Conn. Gen. Stat. § 31-72 (Counts One and Two);

2. An award of reasonable attorneys' fees and costs pursuant to Conn. Gen. Stat. §31-72 (Counts One and Two);

3. Pre-judgment interest pursuant to Conn. Gen. §37-1 (Counts One and Two);

4. A double award of damages pursuant to 29 U.S.C. §216(b) (Count Three);

5. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b) (Count Three);

6. Compensatory and punitive damages pursuant to 42 U.S.C. § 1981a(a)(1) (Count Four);

7. Damages, including but not limited to front pay and back pay pursuant to 42 U.S.C. 2000e, *et seq.* (Count Four);

8. An order of reinstatement pursuant to 42 U.S.C. 2000e, *et seq.* (Count Four);

9. An award of reasonable attorneys' fees pursuant to 42 U.S.C. 2000e, *et seq.* (Count Four);

10. An award of back pay and front pay pursuant to 29 U.S.C. § 626(b) (Count Five);

11. An award of liquidated damages pursuant to 29 U.S.C. § 626(b) (Count Five);

12. An award of reasonable attorneys' fees pursuant to 29 U.S.C. § 626(b) (Count Five);

10


HALLORAN
&SAGE LLP

315 Post Road West
Westport, CT 06880

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

13. An order of reinstatement pursuant to 29 U.S.C. § 626(b) (Count Five);

14. An award of damages, including but not limited to back pay and front pay, pursuant to Conn. Gen. Stat. § 46a-104 (Counts Six and Seven);

15. An award of reasonable attorneys' fees and costs pursuant to Conn. Gen. Stat. § 46a-104 (Counts Six and Seven);

16. An order of reinstatement pursuant to Conn. Gen. Stat. § 46a-104 (Counts Six and Seven); and

17. All such other relief that this Court deems just and proper.

Dated at Westport, Connecticut this 17th day of June, 2013.

> Respectfully submitted,
> **THE PLAINTIFF,**
> **LYNN ANDRUS**
> By ___/s/___
> Timothy J. McGuire
> Federal Bar No. 28049
> HALLORAN & SAGE, LLP
> 315 Post Road West
> Westport, CT 06880
> Tel No.: 203-227-2855
> Fax No.: 203-227-6992
> mcguire@halloran-sage.com

HALLORAN
&SAGE LLP

315 Post Road West
Westport, CT 06880

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

## CERTIFICATION

This is to certify that on this 17th day of June, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/
Timothy J. McGuire

2897763v.1

12

315 Post Road West
Westport, CT 06880

HALLORAN
&SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195