UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LYNN ANDRUS, | : | CIVIL ACTION NO. |
| | : | 3:13-CV-00146 (RNC) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| DOONEY & BOURKE, INC. and | : | |
| PETER DOONEY | : | |
| | : | JUNE 21, 2013 |
| Defendants. | : | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Dooney & Bourke, Inc. ("Dooney & Bourke") and Peter Dooney ("Mr. Dooney") (collectively referred to hereinafter as "Defendants") hereby answer the allegations contained in the numbered paragraphs of the Amended Complaint of Lynn Andrus ("Ms. Andrus" or "Plaintiff") and assert their Affirmative Defenses in the above-captioned matter. Defendants deny all allegations not specifically addressed below.

1. Paragraph 1 of Plaintiff's Complaint summarizes the nature of her legal claim against Defendants and does not require a response. Nevertheless, for the purpose of clarity, Defendants deny any liability in this action.

### JURISDICTION AND VENUE

2. Defendants admit the allegations in Paragraph 2.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants lack sufficient knowledge or information to admit or deny Plaintiff's state of citizenship and, therefore, leave Plaintiff to her proof.

1

5. Defendants admit the allegations in Paragraph 5.

6. Defendants admit the allegations in Paragraph 6.

## PARTIES

7. Defendants admit that Plaintiff is a female and lack sufficient knowledge or information to admit or deny Plaintiff's place of residence and, therefore, leave Plaintiff to her proof.

8. Defendants admit the allegations in Paragraph 8.

9. Defendants admit the allegations in Paragraph 9.

10. Defendants admit the allegations in Paragraph 10.

11. Defendants admit the allegations in Paragraph 11.

## EXHAUSTION OF REMEDIES

12. Defendants admit the allegations in Paragraph 12.

13. Defendants admit the allegations in Paragraph 13.

## GENERAL ALLEGATIONS

14. Defendants admit that Ms. Andrus was hired as a receptionist in Dooney & Bourke's Norwalk, Connecticut office in or about 1987.

15. Defendants admit that after 1987, Plaintiff worked in different capacities and was provided with various duties, opportunities and responsibilities at Dooney & Bourke. Defendants admit that Ms. Andrus occasionally worked in Dooney & Bourke's New York City showroom. Defendants deny the remainder of the allegations in Paragraph 15.

16. Defendants state that Otto Mentzel was an independent sales representative who was not an employee of Dooney & Bourke. Defendants admit that Mr. Mentzel received

commissions from the sales that he generated. Defendants deny the remainder of the allegations in Paragraph 16.

17. Defendants admit that in or around 1996, Ms. Andrus was paid an annual salary of approximately $70,000 and was eligible to receive a bonus. Defendants deny that Ms. Andrus took over Otto Mentzel's responsibilities and Defendants deny the remainder of the allegations in Paragraph 17.

18. Defendants state that in or about 2000, Ms. Andrus continued to earn a base annual salary of approximately $70,000 and also received commissions on orders that she booked if and when such orders were shipped to Dooney & Bourke's customers. Defendants deny the remainder of the allegations in Paragraph 18.

19. Defendants admit that orders were booked ahead of time. Defendants deny that Ms. Andrus earned commissions when she booked an order and Defendants state that Ms. Andrus earned commissions if and when orders that she booked were shipped to Dooney & Bourke's customers. Defendants deny the remainder of the allegations in Paragraph 19.

20. Defendants admit that during some of the time that Ms. Andrus worked as a salaried sales person for Dooney & Bourke, she assisted in the sale of Dooney & Bourke's products to large department stores, including Macy's and Nordstrom.

21. Defendants admit that in or about 2009, Macy's consolidated its buying operations and, in response, Dooney & Bourke consolidated its Macy's sales team. Defendants also admit that in or about 2009, Bob Goodwyn and Jeff Mazzaro worked as independent sales representatives for Dooney & Bourke, and were part of Dooney & Bourke's sales team for Macy's. Defendants deny the remainder of the allegations in Paragraph 21.

22. Defendants admit that from in or about 2009 until the time that her employment was terminated, Ms. Andrus was paid a base salary, received commissions, was eligible to receive a bonus and received health insurance and other employee benefits. Defendants deny the remainder of the allegations in Paragraph 22.

23. Defendants admit that on or about March 15, 2012, Phillip Kinsley, Vice President of Finance at Dooney & Bourke, informed Ms. Andrus that her relationship with the company was being terminated. Defendants also admit that during this conversation, Mr. Kinsley offered to provide Ms. Andrus with her salary through June 30, 2012 and to pay her commissions on orders that she booked and that were shipped to customers on or before June 30, 2012.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants admit that during some years, some of the top producing independent sales representatives for Dooney & Bourke, both male and female, received payments close to or more than $1,000,000 per year. Defendants deny the remainder of allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants lack sufficient information or knowledge to admit or deny Ms Andrus's date of birth and, therefore, leave Plaintiff to her proof. Defendants deny the remainder of the allegations in Paragraph 29.

30. Defendants lack sufficient information or knowledge to admit or deny the number of children that Plaintiff has or the nature or extent of her family responsibilities and, therefore, leave Plaintiff to her proof. Defendants deny the remainder of the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

4
72041155.2

32. Defendants deny the allegations in Paragraph 32.

## COUNT ONE:  FAILURE TO PAY WAGES PURSUANT TO CONN. GEN. STAT. § 31-71A, *ET. SEQ.* AS TO DOONEY & BOURKE

33. Defendants incorporate their responses to Paragraphs 1 through 32 of the Complaint above, as if fully set forth herein.

34. Defendants deny the allegations in Paragraph 34

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

## COUNT TWO:  FAILURE TO PAY WAGES PURSUANT TO CONN. GEN. STAT. § 31-71A, *ET. SEQ.* AS TO PETER DOONEY

37. Defendants incorporate their responses to Paragraphs 1 through 32 of the Complaint above, as if fully set forth herein.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants admit that Peter Dooney is an owner of Dooney & Bourke.

41. Defendants deny the allegations in Paragraph 41.

## COUNT THREE:  VIOLATION OF EQUAL PAY ACT PURSUANT TO 29 U.S.C. § 206, *ET. SEQ.* AS TO DOONEY & BOURKE

42. Defendants incorporate their responses to Paragraphs 1 through 32 of the Complaint above, as if fully set forth herein.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

**COUNT FOUR:  SEX DISCRIMINATION PURSUANT TO 42 U.S.C. 2000e, *ET. SEQ.* AS TO DOONEY & BOURKE**

45. Defendants incorporate their responses to Paragraphs 1 through 32 of the Complaint above, as if fully set forth herein.

46. Defendants admit the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

**COUNT FIVE:  SEX DISCRIMINATION PURSUANT TO 29 U.S.C. § 621, *ET. SEQ.* AS TO DOONEY & BOURKE**

50. Defendants incorporate their responses to Paragraphs 1 through 32 of the Complaint above, as if fully set forth herein.

51. Defendants admit the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

**COUNT SIX:  UNLAWFUL DISCRIMINATION PURSUANT TO CONN. GEN. STAT. § 46a-60(a)(1) *ET. SEQ.* AS TO DOONEY & BOURKE**

54. Defendants incorporate their responses to Paragraphs 1 through 32 of the Complaint above, as if fully set forth herein.

55. Defendants admit the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

## COUNT SEVEN:  SEXUAL HARASSMENT PURSAUNT TO CONN. GEN. STAT. § 46A-60(a)(8) *ET. SEQ.* AS TO DOONEY & BOURKE

58. Defendants incorporate their responses to Paragraphs 1 through 32 of the Complaint above, as if fully set forth herein.

59. Defendants admit the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

**WHEREFORE,** Defendants deny that Plaintiff is entitled to entry of judgment in her favor:

1. Defendants deny that Ms. Andrus is entitled to any award of wages or to a double award of wages in the amount of $88,318.60 pursuant to Conn. Gen. Stat. § 31-72 (Counts One and Two);

2. Defendants deny that Ms. Andrus is entitled to any award of attorney's fees and costs pursuant to Conn. Gen. Stat. § 31-72 (Counts One and Two);

3. Defendants deny that Ms. Andrus is entitled to any pre-judgment interest pursuant to Conn. Gen. Stat. § 37-1 (Counts One and Two);

4. Defendants deny that Ms. Andrus is entitled to an award of double damages pursuant to 29 U.S.C. § 216(b) (Count Three);

5. Defendants deny that Ms. Andrus is entitled to an award of attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) (Count Three);

6. Defendants deny that Ms. Andrus is entitled to compensatory and punitive damages pursuant to 42 U.S.C. § 1981a(a)(1) (Count Four);

7. Defendants deny that Ms. Andrus is entitled to front pay and back pay pursuant to 42 U.S.C. 2000e, *et seq.* (Count Four);

8. Defendants deny that Ms. Andrus is entitled to an order of reinstatement pursuant to 42 U.S.C. 2000e, *et seq.* (Count Four);

9. Defendants deny that Ms. Andrus is entitled to an award of attorneys' fees pursuant to 42 U.S.C. 2000e, *et seq.* (Count Four);

10. Defendants deny that Ms. Andrus is entitled to an award of back pay and front pay pursuant to 29 U.S.C. § 626(b) (Count Five);

11. Defendants deny that Ms. Andrus is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 626(b) (Count Five);

12. Defendants deny that Ms. Andrus is entitled to an award of attorney's fees pursuant to 29 U.S.C. § 626(b) (Count Five);

13. Defendants deny that Ms. Andrus is entitled to an order of reinstatement pursuant to 29 U.S.C. § 626(b) (Count Five);

14. Defendants deny that Ms. Andrus is entitled to an award of damages, including but not limited to back pay and front pay, pursuant to Conn. Gen. Stat. § 46a-104 (Counts Six and Seven);

15. Defendants deny that Ms. Andrus is entitled to an award of attorneys' fees and costs pursuant to Conn. Gen. Stat. § 46a-104 (Counts Six and Seven);

16. Defendants deny that Ms. Andrus is entitled to an order of reinstatement pursuant to Conn. Gen. Stat. § 46a-104 (Counts Six and Seven); and

17. Defendants deny that Ms. Andrus is entitled to any other relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for failure to pay wages pursuant to Conn. Gen. Stat. § 31-71a, *et seq.* is barred by the doctrine of estoppel.  Dooney & Bourke has paid to Plaintiff, and Plaintiff has accepted, all salary and commissions due and owing to Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for failure to pay wages pursuant to Conn. Gen. Stat. § 31-71a, *et seq.* is barred by the doctrine of accord and satisfaction.  Dooney & Bourke has paid to Plaintiff, and Plaintiff has accepted, all salary and commissions due and owing to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

Defendants intend to rely upon such other and further defenses as may become available or apparent during discovery or pretrial proceedings in this action and hereby reserve the right to amend their Answer and to assert all such defenses.

**DEFENDANTS,**
**DOONEY & BOURKE AND PETER DOONEY**

By: /s/ Daniel L. Schwartz
Daniel L. Schwartz, Esq. (ct09862)
Jaclyn K. Leung, Esq. (ct27399)
Day Pitney LLP
One Canterbury Green
Stamford, CT 06901
Telephone: (203) 977-7300
Facsimile: (203) 977-7301
dlschwartz@daypitney.com
jleung@daypitney.com
Their Attorneys

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 21, 2013, a copy of Defendants' Answer and Affirmative Defenses was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                                                                                   /s/ Daniel L. Schwartz
                                                                                                               Daniel L. Schwartz, Esq.