### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LYNN ANDRUS, | : | CIVIL ACTION NO. |
| | : | 3:13-CV-00146 (RNC) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| DOONEY & BOURKE, INC. and | : | |
| PETER DOONEY | : | |
| | : | SEPTEMBER 27, 2013 |
| Defendants. | : | |

### JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the parties hereby jointly move for

entry of the Stipulated Protective Order, which is attached.  This Order is necessary to protect

the privacy and confidentiality of certain documents and information requested in discovery by

the parties, which may contain personal, confidential, commercial, financial or proprietary

business information.


**Respectfully Submitted,**

PLAINTIFF,
LYNN ANDRUS

By: /s/ Timothy J. McGuire
Timothy J. McGuire, Esq. (ct28049)
Halloran & Sage, LLP
315 Post Road West
Westport, CT  06880
Telephone: (203) 227-2855
Facsimile: (203) 227-6992
mcguire@halloran-sage.com
Attorneys for Plaintiff

DEFENDANTS,
DOONEY & BOURKE, INC. AND
PETER DOONEY

By: /s/ Daniel L. Schwartz
Daniel L. Schwartz, Esq. (ct09862)
Day Pitney LLP
One Canterbury Green
Stamford, CT 06901
Telephone: (203) 977-7300
Facsimile: (203) 977-7301
dlschwartz@daypitney.com

By: /s/ Thomas J. McAndrew
Thomas J. McAndrew, Esq.
Thomas J. McAndrew, Esq. & Associates
One Turks Head Place, Suite 205
Providence RI 02903
Telephone: (401) 455-0350
Facsimile: (401) 455-0882
tmcandrew@tjmcandrewlaw.com
*ADMITTED PRO HAC VICE*
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LYNN ANDRUS, | : | CIVIL ACTION NO. |
| | : | 3:13-CV-00146 (RNC) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| DOONEY & BOURKE, INC. and | : | |
| PETER DOONEY | : | |
| | : | SEPTEMBER 27, 2013 |
| Defendants. | : | |

## STIPULATED PROTECTIVE ORDER

Upon stipulation of all the parties for a protective Order pursuant to Rule 26(c) of the

Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED THAT:

1.      This Stipulated Protective Order ("Order") shall be applicable to, and shall

govern, all documents (as that term is defined in Fed. R. Civ. P. 34), things, deposition

testimony, answers to interrogatories, answers to requests for admission and other discovery,

whether informally produced or produced in response to a formal discovery request, and all

information used in, or in support of, any paper (such as a motion) filed with the Court, which

the party or nonparty producing the discovery or filing the paper has designated as

"Confidential" or "Confidential – Attorneys' Eyes Only."

2.      Any Party or Non-Party producing or disclosing information in this action may

designate such information as "Confidential" or "Confidential – Attorneys' Eyes Only" in the

manner set forth in Paragraph 4 below.  Nothing herein shall be construed as waiving or limiting

the right of a Party or Non-Party to object to disclosing information pursuant to the attorney-client privilege, the attorney-work product privilege and/or any other applicable privilege or law.

3.      Materials may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" where a Party or Non-Party reasonably and in good faith believes that such materials constitute or include: (1) proprietary business, trade secret or financial information, which information is not known or freely accessible to the general public; or (2) personal and private information.  Once designated as "Confidential" or "Confidential – Attorneys' Eyes Only," such designated materials shall be used by the Parties solely in connection with the litigation of this action (and any subsequent appeals), and not for any business, competitive, or other purpose or function; and such materials shall not be disclosed to anyone except as provided herein.

4.      A Party or Non-Party may designate materials as "Confidential" or "Confidential – Attorneys' Eyes Only"  in the following manner:

a.      Documents or Things:  "Confidential" or "Confidential – Attorneys' Eyes Only" treatment may be obtained by marking the document "Confidential" or "Confidential – Attorneys' Eyes Only"  at the time of production or disclosure, or as soon thereafter as the producing or disclosing Party or Non-Party seeking protection becomes aware that such document or thing should be protected hereunder;

b.      Deposition Testimony:  Any Party or Non-Party hereafter giving testimony in this matter through a deposition, may designate any portion or the entirety of such testimony as "Confidential" or "Confidential – Attorneys' Eyes Only."  The designation of such testimony as "Confidential" or "Confidential – Attorneys' Eyes Only" may occur either at the time the testimony is provided or any time thereafter while this matter remains pending.  Any transcripts of such deposition testimony shall be labeled as "Confidential – Subject to Protective Order."

5.      Unless modified by written agreement between all Parties, information or material designated as "Confidential" or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a.      the Parties' counsel of record in this matter and the employees of such counsel who assist in this matter;

b.      the Parties and employees of the Parties, to the extent deemed necessary by the Parties' counsel of record and to the extent that such information or material is used solely in connection with the litigation of this action;

c.      independent outside consultants or experts retained by the Parties' counsel of record to assist in this matter; provided that such outside consultants or experts sign the Non-Disclosure Agreement attached hereto as Appendix A;

d.      the Court and Court personnel, to the extent such information or material is introduced in any hearing or other judicial proceeding in this matter; and

e.      such other persons as may be consented to in writing by the producing or disclosing Party or Non-Party that designated such information or material as "Confidential."

6.      Except as provided below, any material designated as "Confidential – Attorneys' Eyes Only" shall only be produced and disclosed to those individuals set forth in paragraph 5(a), 5(c), 5(d) and/or 5(e), above.  Counsel to whom any material designated as "Confidential – Attorneys' Eyes Only" has been produced may produce or disclose such documents and copies thereof to any independent outside consultants or experts set forth in paragraph 5(c) above, provided that counsel shall first secure from each such independent outside consultants or experts a Non-Disclosure Agreement as provided in Appendix A.  The party on whose behalf

any such Non-Disclosure Agreement is signed by any person shall serve a copy thereof to all counsel of record.  Any disclosure of materials designated as "Confidential – Attorneys' Eyes Only" to the Court or Court Personnel pursuant to paragraph 5(d) above, must be made in the manner set forth in paragraph 10, below.

7.     The failure of any Party to object to the designation of information as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be deemed an admission that such information qualifies for such designation.  In the event any Party disagrees with the designation of any information as "Confidential" or "Confidential – Attorneys' Eyes Only,"  the objecting Party shall contact the designating Party to discuss the validity of that designation.  If it is necessary to present the dispute to the Court for resolution, the obligation is upon the objecting Party to move the Court for an order compelling the designating Party to produce the information without the "Confidential" or "Confidential – Attorneys' Eyes Only" designation.  Unless and until the Court enters an order compelling the designating Party to produce the information without the "Confidential" or "Confidential – Attorneys' Eyes Only" designation, such information shall be afforded the protections described herein.

7.     Agreeing to produce or receive, and/or producing or receiving, information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" or otherwise complying with the terms of this Order, shall not:

a.     operate as an admission by any Party that any particular information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" contains or reflects proprietary or sensitive financial information, proprietary or sensitive business information, confidential personal information or other such information lawfully entitled to confidential treatment;

b.      prevent the Parties to this Order from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material;

c.      limit a Party's ability to grant any Non-Party access to that Party's own documents and/or information;

d.      limit a Party's ability to use or disclose that Party's own information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" for any legitimate business or other purposes; or

e.      limit a Party's ability to introduce relevant evidence at any hearing or other judicial proceeding in this matter.

9.      If a Party inadvertently produces confidential information without designating it as such, it may be disclosed to others unless and until the receiving Party becomes aware of the error, unless it appears from the face of the document that it contains non-public, confidential, proprietary, sensitive, personal or trade secret information of the producing Party.  As soon as the receiving Party becomes aware of such inadvertent production, the information must be treated as if it had been timely designated as "Confidential" under this Order, and the receiving Party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information under this Order, as well as any copies made by such persons.

10.      In the event that any information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" hereunder is used at any hearing or other judicial proceeding in this matter, such information or material shall not, merely by reason of such use, lose its status as "Confidential" or "Confidential – Attorneys' Eyes Only."  Counsel for the

Parties shall meet and confer on such procedures as are necessary to protect the confidentiality of any documents, information, transcripts, and other materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" that are used or intended to be used at any hearing or other judicial proceeding in this matter.  To the extent that any information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" is submitted to the Court, the Parties may request that the Court maintain the confidentiality of such information or materials.

11.     If any Party (a) is subpoenaed in another action, (b) is served with a demand in another action or proceeding to which it is a Party, or (c) is served with any other legal process by one not a Party to this matter, seeking information or material which was produced or designated as "Confidential"  or "Confidential – Attorneys' Eyes Only"  by someone other than that Party, then that Party shall give prompt actual written notice, by hand, email, overnight mail and/or facsimile transmission, within three (3) calendar days of receipt of such subpoena, demand or legal process, to counsel of record for those Parties who produced or designated the information or material as "Confidential" or "Confidential – Attorneys' Eyes Only"  and shall object to its production to the extent permitted by law.  Should the person seeking access to the information or material designated "Confidential" or "Confidential – Attorneys' Eyes Only" take action to enforce such a subpoena, demand or other legal process, the Party shall respond by setting forth the existence of this Order.  Nothing herein shall be construed as requiring the Party or anyone else covered by this Order to challenge or appeal any order requiring production of information or material covered by this Order, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from a court of law.

12.     The provisions of this Order shall, absent written permission of the producing Party, continue to be binding throughout and after the conclusion of this matter and any other related proceedings, unless and until modified in writing by subsequent agreement of all the Parties hereto.  Within sixty (60) days after the final adjudication of this matter, all persons having received information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only"  hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing Party, or shall certify destruction thereof. Counsel of Record shall be entitled to retain information and material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" and attorney work-product that contains information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only"  pursuant to counsel of record's file retention policies, provided that such counsel, and employees of such counsel, shall not disclose any such information and material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" except pursuant to court order or a written agreement with the producing Party of the information or material.

13.     The Parties hereto agree that the United States District Court, District of Connecticut shall retain jurisdiction over and be the proper forum for any issues, disputes or litigation related to or arising from this Order.

14.     The Parties agree that this Order shall be effective from the date on which it is executed by counsel for the Parties.


PLAINTIFF,
LYNN ANDRUS

 By: /s/ Timothy J. McGuire_____
Timothy J. McGuire, Esq. (ct28049)
Halloran & Sage, LLP
315 Post Road West
Westport, CT  06880
Telephone: (203) 227-2855
Facsimile: (203) 227-6992
mcguire@halloran-sage.com
Attorneys for Plaintiff


DEFENDANTS,
DOONEY & BOURKE, INC. AND
PETER DOONEY

By: /s/ Daniel L. Schwartz_____
    Daniel L. Schwartz, Esq. (ct09862)
    Day Pitney LLP
    One Canterbury Green
    Stamford, CT 06901
    Telephone: (203) 977-7300
    Facsimile: (203) 977-7301
    dlschwartz@daypitney.com


By: /s/ Thomas J. McAndrew_____
    Thomas J. McAndrew, Esq.
    Thomas J. McAndrew, Esq. & Associates
    One Turks Head Place, Suite 205
    Providence RI 02903
    Telephone: (401) 455-0350
    Facsimile: (401) 455-0882
    tmcandrew@tjmcandrewlaw.com
    *ADMITTED PRO HAC VICE*
    Attorneys for Defendants

## **<u>ORDER</u>**

IT IS SO ORDERED this _____ day of _____, 2013.

_____
United States District Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LYNN ANDRUS, | : | CIVIL ACTION NO. |
| | : | 3:13-CV-00146 (RNC) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| DOONEY & BOURKE, INC. and | : | |
| PETER DOONEY | : | |
| | : | SEPTEMBER 27, 2013 |
| Defendants. | : | |

**APPENDIX A - NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Stipulation

Regarding Confidential Information and Protective Order (the "Order")  in this action governing

the non-disclosure of documents, testimony and other materials that have been designated as

"Confidential" or "Confidential – Attorneys' Eyes Only"  (collectively referred to hereinafter as

the "Confidential Information").  I agree that I will not disclose such Confidential Information to

anyone and that, at the conclusion of this matter, I will return all Confidential Information to the

party or attorney from whom I received it.  By acknowledging these obligations under the Order,

I understand that I am submitting myself to the jurisdiction of the United States District Court,

District of Connecticut for the purpose of any issue, dispute or litigation related to or arising

hereunder and that my willful violation of any term of the Order could subject me to liability and

damages.


Dated: _____          By:_____

72112218.1